# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MATTHEW N.,

    Plaintiff(s),

v.

FRANK BISIGNANO,

    Defendant(s).

Case No. 2:24-cv-02389-NJK

**ORDER**

[Docket No. 22]

Pending before the Court is a stipulation to award Plaintiff $5,800 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as $405 in costs pursuant to 28 U.S.C. § 1920. Docket No. 22.

Plaintiff's counsel appears frequently in this forum. As the Court has explained elsewhere to Plaintiff's counsel, his requests to recover for paralegal time spent on clerical work has not been adequately supported. On March 25, 2025, the Court again ordered that "[t]ime spent by a paralegal on clerical matters is part of a law firm's overhead and is not recoverable under the EAJA. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)." *Hallie M. B. v. Dudek*, Case No. 2:24-cv-02010-NJK, Docket No. 25 (D. Nev. Mar. 25, 2025). The Court also advised counsel of the need to change course on this issue, rather than simply continuing to seek the same fees over and over again:

> Attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings." *Atlantis Enterps., Inc. v. Avon Prods., Inc.*, 2010 WL 11519593, at *3 (C.D. Cal. Jan. 14, 2010) (quoting *U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008)). Counsel would be well advised to either cease submitting these clerical tasks for compensation to the undersigned or to provide well-developed argument as to how they are compensable despite the binding authority to the contrary. *Nadarajah*, 569 F.3d at 921.

*Hallie M.B.*, Docket No. 25 at 2 n.1.

1

The instant motion seeks to recover $165.575 for clerical work. Docket No. 22-2 at 1.[1] The instant motion provides no meaningful explanation as to why awarding that time would not amount to legal error in light of binding Ninth Circuit authority: "When clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors." *Nadarajah*, 569 F.3d at 921. As best the Court can discern, this aspect of the fee request is meant to be supported by the two short sentences that "[n]on-legal work is billable at a lesser rate. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). I bill non-legal work at $89.50 per hour." Docket No. 22 at 6. This is certainly not "well-developed argument." Moreover and significantly, the Ninth Circuit cited the same footnote in *Jenkins* in holding that hours spent on clerical tasks must be removed from the lodestar. *Nadarajah*, 569 F.3d at 921. Hence, the Ninth Circuit apparently disagrees with counsel's interpretation of the *Jenkins* footnote.[2]

In short, Plaintiff's counsel continues to seek recovery for clerical hours in direct contradiction of Ninth Circuit authority without any meaningful argument as to how that is legally permissible. Plaintiff continues to do so despite a direct admonition from the Court. The instant stipulation is **DENIED** without prejudice. A renewed request for fees must either exclude clerical work or must provide robust argument as to why the clerical work should be awarded.

IT IS SO ORDERED

Dated: July 1, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award. *See, e.g.*, *Bradley V. v. Kijakazi*, 2021 WL 4554108, at *1-3 (S.D. Cal. Oct. 4, 2021); *Atunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017); *Keyser v. Astrue*, 2012 WL 78461, at *3 (D. Ore. Jan. 10, 2012); *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999).

[2] The Court also notes separately that the case law cited in support of the paralegal rates is not from this District and is, therefore, of limited value. *See* Docket No. 22 at 6. It is unclear why counsel is unable or unwilling to locate decisions from within this District regarding hourly rates awarded to paralegals. *Cf. United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).